Estate of Steve Urge, Steve Z. Urge, Executor v. Commissioner.
Estate of Urge v. Commissioner
Docket No. 5486-69.
United States Tax Court
T.C. Memo 1972-68; 1972 Tax Ct. Memo LEXIS 189; 31 T.C.M. (CCH) 275; T.C.M. (RIA) 72068; March 15, 1972, Filed Michael T. Scanlon and Joseph F. Ciulla, for the petitioner. Larry L. Nameroff, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $2,777.68 in the Federal estate tax of the Estate of Steve Urge. The only question before us is whether certain property devised to decedent's widow qualifies for the marital deduction under section 2056. [1]
A stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference. Steve Z. Urge (hereinafter referred to as petitioner), the executor of the estate of Steve Urge, who died on July 28, 1965, resided *190 in Fairview Park, Ohio, at the time the petition herein was filed. The decedent's will was probated in Cuyahoga County, Ohio, and a Federal estate tax return was duly filed on or about October 14, 1966. The will, dated March 10, 1961, provided, in part, as follows: ITEM IV I give, devise and bequeath all my real property as set forth in this Item to my beloved wife, Helen Urge, to be held by her during her natural life, provided she remains a widow, to be by her managed and disposed of as she may provide by her will except the business building and lot at 3127 West 117th Street, Cleveland, Ohio, in which she is granted a life estate. 1. Residence, both building and lots located at 14918 Triskett Road, Cleveland, Ohio, and all of its contents and furnishings, or any other residence that I may own at the time of my decease, to my beloved wife, Helen Urge, absolutely and in fee simple to be disposed of by her as she may provide in her will. 276 2. Business building and lot located at 3127 West 117th Street, Cleveland, Ohio, occupied by my business, Standard Plumbing and Heating Company, to my beloved wife, Helen Urge, for life and upon her death to my beloved son, Steve Z. *191 Urge. But, if my beloved wife, Helen Urge, remarries then, 1. My one-half (1/2) interest in the residence or other residential real property shall immediately pass to my beloved children, Steve Z. Urge and Elsie H. Urge, absolutely and in fee simple, share and share alike. 2. My one-half (1/2) interest in the business building and lot at 3127 West 117th Street, Cleveland, Ohio, shall immediately pass to my beloved son, Steve Z. Urge, absolutely and in fee simple with all dower rights to be released by my wife, Helen Urge. If my wife remarries, she shall have the right to purchase my one-half (1/2) interest in our residence and to divide the sum of money given as purchase price equally between my children, Steve Z. Urge and Elsie Urge. In exchange for this right she shall immediately sell her one-half (1/2) interest in the business building to my son, Steve Z. Urge, at one-half (1/2) of the appraised price using the County tax valuation appraisal as the basis for the sales price. ITEM V I give, devise and bequeath the residue of my entire estate, except as covered in specific bequests in Items I through IV above, whether real, personal or mixed, of every kind and nature *192 whatsoever, and wheresoever situated, which I may now own or hereafter acquire, or have the right to dispose of at the time of my decease, by power of appointment or otherwise, to my beloved wife, Helen Urge, absolutely and in fee simple. Sometime prior to September 12, 1966, petitioner submitted an application to the Probate Court of Cuyahoga County to transfer the parcels of realty described in the first paragraph 1 of Item IV outright to his mother, the decedent's widow; this application was denied. On September 12, 1966, petitioner filed in the probate court a document entitled "Petition for Construction of Will," naming Helen Urge, Steve Z. Urge, and Elsie Urge, decedent's wife, son, and daughter, respectively, as defendants. Petitioner alleged, in part, that "ITEM IV of said will is ambiguous in that it refers to life estate in the introductory paragraph and to a fee simple absolute in the paragraph numbered No. 1" and requested that, in order to clear title to the property, a decree be issue "adjudging said will as granting a fee absolute in all parcels to Helen Urge, except for a life estate in the parcel of land on which business is located at 3127 West 117th Street. *193 " All of the defendants joined in consenting to the prayer of relief contained in the aforementioned petition, and, on October 21, 1966, a decree was issued in accordance therewith. We operate under two general strictures in reaching our decision herein. First, the Supreme Court has observed that "the device of the marital deduction which Congress chose to achieve uniformity [between community-property and noncommunity-property states] was knowingly hedged with limitations" and that "[the] achievement of the purposes of the marital deduction is dependent to a great degree upon the careful drafting of wills." See . Second, in , the Supreme Court mandated us to determine the extent of the property interest of a surviving spouse by applying local law and stated: It follows here then, that when the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should a fortiori not be controlling. * * * [The] underlying substantive rule involved is based on state law and the State's highest *194 court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court. Under this latter mandate, we cannot automatically accept the decision of the Cuyahoga County probate court, as petitioner asks us to do. Instead we must make our own determination, of course taking the probate court's decision into account. With all due respect to the probate court, we have reluctantly concluded that its decision can not be supported under Ohio law. 277 We see no point in detailing the general rules of construction under Ohio law, which are to be followed in ascertaining and carrying out a testator's intention. They are those which are usuaily applicable in situations of this kind. See . The opening paragraph of Item IV of decedent's will clearly specifies that Helen Urge is to have a life estate in all real property "provided she remains a widow." The first paragraph 1 of Item IV then purports *195 to give Helen Urge any residences "absolutely and in fee simple to be disposed of by her as she may provide in her will." Thereafter, Item IV spells out in some detail what disposition is to be made of the various types of real property (including the residential property) "if my beloved wife, Helen Urge, remarries." Petitioner would have us hold that the will is sufficiently ambiguous to permit us to reach the conclusion that the provisions relating to remarriage should be disregarded and the provision of the first paragraph 1 of Item IV is determinative. Our examination of the pertinent Ohio cases convinces us that this is not possible. [2]; ; cf. ; (Ct. App., Wash. Cy., 1928). Compare . Consequently, we are constrained to hold that, under decedent's will, Helen Urge received only an estate for life or until remarriage and that her interest was terminable within the meaning of section *196 2056(b) and does not qualify for marital deduction. [3] The fact that the proceeding in the Cuyahoga County probate court was apparently not generated by any tax considerations cannot alter our conclusion. *197 Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue,code of 1954, as amended.↩
2. We note that there was some testimony as to whether decedent subjectively intended to impose the conditions relating to remarriage but such testimony was at best inconclusive and clearly insufficient to overcome the language of the will itself. There was also some evidence that such conditions were the brainchild of the draftsman, but such evidence was also inconclusive and, in any event, would not permit the provisions containing such conditions to be characterized as a mere scrivener's error. See . ↩
3. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. * * * (b) Limitation in the Case of Life Estate or Other Terminable Interest. - (1) General rule. - Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest - (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * *↩